**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALTICOR INC.; and AMWAY CORP.,

        Plaintiffs,

v.                                   Case No. 6:14-cv-542-Orl-37DAB

UMG RECORDINGS, INC.; CAPITOL
RECORDS; LLC, SONY MUSIC
ENTERTAINMENT; and WARNER
MUSIC GROUP CORP.,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.    Motion to Dismiss the First Amended Complaint, and Supporting Memorandum of Law of Defendants UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, and Warner Music Group Corp. (Doc. 65), filed August 21, 2014; and

2.    Alticor Inc.'s and Amway Corp.'s Memorandum in Opposition to Motion to Dismiss First Amended Complaint (Doc. 67), filed September 8, 2014;

**BACKGROUND**

This action concerns a long-standing dispute over the use of copyrighted music in videos uploaded to the internet by Alticor Inc., Amway Corp. ("Plaintiffs"), and others ("Accused Videos").[1] (*See* Docs. 1, 63.) More than sixteen years ago, a related

---

[1] After Plaintiffs filed this action, Defendants and other copyright owners filed two copyright actions against numerous entities that are affiliated with Plaintiffs. *See UMG Recordings, Inc. v. Foley*, Case No. 6:14-cv-1511-Orl-37DAB ("UMG I") (asserting copyright claims against 29 Defendants and 35 Does); *UMG Recordings, Inc. v.*

copyright infringement action—*Arista Records, Inc. v. Amway Corporation*, No. 6:96-cv-175-Orl-18DAB ("Arista Action")—was partially resolved pursuant to a settlement agreement between Defendants UMG Recordings, Inc., its subsidiary Capitol Records, LLC (collectively "UMG"), Sony Music Entertainment ("Sony"), and Plaintiffs' predecessors. (*See* Doc. 63, ¶¶ 2, 8–12, 21, 23; *see also* Doc. 64 (providing a redacted copy of the Agreement); Doc. 55, p. 2 n.1.) Plaintiffs allege that Defendant Warner Music Group Corp. ("Warner") "subsequently became a party" to the Agreement (Doc. 63, ¶¶ 2, 24), and then Warner, Sony, and UMG ("Defendants") breached their express and implied obligations under the Agreement and tortiously interfered and conspired to tortiously interfere with Plaintiffs' purported rights under the Agreement to timely and good faith notice of subsequent instances of copyright infringement. (*See* Doc. 63.)

Defendants moved to dismiss the initial Complaint (Doc. 40), and Plaintiffs opposed (Doc. 44). The Court determined that Plaintiffs' claims of tortious interference with contract (Count II) and civil conspiracy (Count III) were fatally conclusory and failed "as a matter of law because Defendants are not alleged to be strangers to the Agreement." (*See* Doc. 55, pp. 11–14.) The Court also determined that Plaintiffs sufficiently alleged their breach of contract claim (Count I) (*id.* at 7–11), and afforded Plaintiffs an opportunity to file an amended complaint (*id.* at 13–14).

Plaintiffs timely filed a First Amended Complaint that differs in only a few respects from Plaintiffs' initial Complaint. (*Compare* Doc. 63, *with* Doc. 1.) Specifically, Plaintiffs reassert their tortious interference and conspiracy claims against Defendants

*Mahakkapong*, 6:13-cv-2045-37TBS ("UMG II") (asserting copyright claims against 14 Defendants and 20 Does). The Court established a coordinated schedule for pleading and motion practice concerning the two new cases.

(*see* Doc. 63, ¶¶ 59–70 (Count II); *id.* ¶¶ 77–79 (Count IV)), and they add an alternative tortious interference claim against Warner (*see id.* ¶¶ 71–76 (Count III)). Plaintiffs also include new allegations that each Defendant is a "stranger" to the Agreement with respect to every other Defendants' independent obligations to Plaintiffs. (*See id.*) Defendants jointly moved to dismiss Counts II, III, and IV (Doc. 65), Plaintiffs opposed (*see* Doc. 67), and the matter is now ripe for adjudication.[2]

## DISCUSSION

To sufficiently state their claims for tortious interference,[3] Plaintiffs must allege facts that plausibly support the inference that each Defendant is a "stranger" to the Agreement. *See Mattocks v. Black Entm't Television LLC*, No. 13-61582-CIV, 2014 WL 4101594, at *5–6 (S.D. Fla. Aug. 20, 2014) (citing *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. 4th DCA 1999)). If the First Amended Complaint includes allegations that any Defendant has "'any beneficial or economic interest in, or control over'" the Agreement then that Defendant is not a "stranger." *See id.* (quoting *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009)); *see also Gunder's Auto Center v. State Farm Auto Ins. Co.*, 422 F. App'x 819, (11th Cir. 2011) (affirming dismissal of tortious interference claim where allegations of the complaint showed that defendant had a "protectable interest" in the business relationship at issue); *SIG, Inc. v. AT&T*

---

[2] Defendants also requested that the Court take judicial notice of the Agreement and redacted correspondence dated November 27, 2012, to Amway Corporation from attorneys for Defendants and others ("Correspondence") (*See* Doc. 66; *see also* Doc. 66-2.) Plaintiffs opposed Defendants' request for judicial notice. (*See* Docs. 67, 68.) The Court already took judicial notice of the Agreement without opposition from Plaintiffs (*see* Doc. 55), and the Court does not find that judicial notice of the Correspondence is necessary to resolve Defendants' Motion.

[3] The Court incorporates by reference the Legal Standards section set out in its prior Order granting Defendants' initial Motion in part. (Doc. 55, pp. 4, 11–12.)

*Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1199 (S.D. Fla. 2013) (noting Florida law that forecloses tortious-interference that are directed at a business relationship to which the defendant is a party).

Absent plausible factual allegations that the Defendants are strangers to the Agreement, Plaintiffs still can avoid dismissal of the First Amended Complaint by alleging facts permitting a plausible inference that Defendants used "improper" methods to interfere with the Agreement. *See FPL Group, Inc.*, 162 F.3d at 1231 *see also Menendez v. Beach Acceptance Corp.*, 521 So. 2d 178, 180 (Fla. 3d DCA 1988); *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980). A non-inclusive list of actionable "improper" methods under Florida law includes "physical violence," "misrepresentations,"[4] "illegal conduct," and "threats of illegal conduct." *See* Fla. Std. Jury Inst. In Civil Cases, § 408.6.

Defendants argue that the Court should dismiss Counts II and III because Plaintiffs have again failed to provide non-conclusory allegations that the Defendants were strangers to the Agreement or used improper means to interfere with the Agreement. (*See* Doc. 65, pp. 2, 5, 6–13.) Plaintiffs counter that the "general rule" that only strangers to a contract may interfere with contract performance is inapplicable here because each Defendant "is a stranger with respect to each of the other [Defendants'] rights and obligations under the [Agreement]" (*see* Docs. 67; *see also* Doc. 63, ¶ 62),[5]

---

[4] A "misrepresentation" is "a false statement or omission of material fact." *Bluesky Greenland Envtl. Solutions, LLC v. 21st Century Planet Fund, LLC,* 985 F. Supp. 2d 1356, 1367 (S.D. Fla. 2013) (denying summary judgment for defendants on tortious interference claims based on evidence they jointly misrepresented certain facts to plaintiff to "fraudulently induce" it to "voluntarily part" with certain rights).

[5] (*See* Doc. 67, pp. 2, 5–6 (noting that Count II explains how each Defendant "tortiously interfered with a separate company's independent contractual obligations"

and each Defendant used "improper" methods to "facilitate" the other Defendants' alleged breaches of their respective "independent obligations" under the Agreement (*see* Doc. 67, pp. 7–8, 10–11, 13–17; *see also* Doc. 63, ¶¶ 66, 68, 74). Specifically, Plaintiffs specify the following allegedly "improper" methods: (1) conspiring to "delay notice" to Plaintiffs of the Accused Videos, and instead to "stockpiling" videos; (2) conspiring to forego their rights to block unauthorized videos on Youtube.com and send DMCA takedown notices; (3) conspiring to conceal facts from Amway including the Defendants' licensing arrangements and dates that Defendants learned of each infringement; (4) conspiring to seek double recovery from Amway after misleading Youtube users to believe they had permission to post the Accused Videos; and (5) conspiring to act in bad faith with Plaintiffs under the Agreement. (*See* Doc. 63, ¶ 74.) Plaintiffs allege that Defendants employed these "improper methods" for the "improper purposes" of extorting money from Plaintiffs, harassing Plaintiffs by requiring unnecessary infringement investigations under the Agreement, and seeking "double recovery" from Plaintiffs based on the Youtube uploads. (*Id.*)

Plaintiffs' arguments have some superficial appeal, but they fail upon closer examination. First, the Court is not persuaded that a party to a contract can somehow be a stranger to that contract because there are multiple signatories. The Court's review of Florida law leaves it unpersuaded that the Florida Supreme Court would adopt such a theory of liability.

The Court also finds that the First Amended Complaint does not include factual allegations sufficient to plausibly state that the Defendants' used "improper" methods of

---

under the Agreement); *id.* at 10–11, n.4 (noting that the original Complaint did not allege that the Defendants were strangers to the Agreement).)

interference under Florida law.[6] Notably, each "improper method" recited in the Amended Complaint parallels Plaintiffs' allegations concerning Defendants' alleged breaches of the Agreement, but adds the allegation that the breaches/methods resulted from a conspiracy. (*Compare* Doc. 63, ¶¶ 52–53, 56–57, *with id.* ¶¶ 64, 66, 68.) The Court finds such allegations to be too circular to plausibly support Plaintiffs' claims.

Although the propriety of methods allegedly used by a defendant to tortiously interfere with a plaintiff's contract rights is often resolved by a trier of fact on a developed record, in some instances, the matter may be resolved as a matter of law. *See Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, No. 6:14-cv-533-Orl-31DAB, 2014 WL 3747667, at *3 (M.D. Fla. Jul. 29, 2014) (dismissing tortious interference claim because alleged hiring of a competitor's former employee was not an "improper method" under Florida law); *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1289 (S.D. Fla. 2007) (dismissing tortious interference claim because product copying that fell short of infringement was not an "improper method" under Florida law); *see also Gunder's Auto Center*, 422 F. App'x at 822 (rejecting plaintiff's argument that dismissal of tortious interference claim was improper because plaintiff failed to establish that alleged slanderous statements constituted "improper" method of interference under Florida law). This is such an instance. Specifically, the Court finds as a matter of law that conduct alleged to breach a contract may not simultaneously constitute the "improper method" used to procure breach of a contract. This is so even when a plaintiff includes conclusory allegations of a conspiracy.

---

[6] Plaintiffs also argue that Defendants' "copyright misuse" is an "improper method" which should sustain Claims II and III (*see* Doc. 67, p. 18); however, one cannot misuse another's copyrights and it is implausible that misuse of one's own copyright would interfere with another copyright owner's purported cooperation obligations.

Because Plaintiffs have not persuaded the Court that Florida's well-settled law that only strangers to a contract or business relationship may be liable for tortious interference is either satisfied or inapplicable in this action, Counts II and III are due to be dismissed. Finally, the Court finds that failure of the tortious interference claims again forecloses Plaintiffs' conspiracy claim.[7]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Motion to Dismiss the First Amended Complaint, and Supporting Memorandum of Law of Defendants UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, and Warner Music Group Corp. (Doc. 65) is **GRANTED**.

2.      Counts II, III, and IV of the First Amended Complaint (Doc. 63) are **DISMISSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 20, 2015.

ROY B. DALTON JR.
United States District Judge

---

[7] Again, a civil conspiracy claim is not an independent claim under Florida law; rather, it is "derived from the underlying claim that forms the basis of the conspiracy." *See Alloco v. City of Coral Gables*, 221 F. Supp. 2d 1317, 1360–61 (S.D. Fla. 2002) (citing *Churruca v. Miami Jai Alai, Inc.*, 353 So. 2d 547, 550 (Fla. 1977)). Accordingly, "a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim." *Id.* (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217 (11th Cir. 1999)).

Copies:

Counsel of Record