UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:14-cv-00542 ORL RDB-DAB

ALTICOR INC. and AMWAY CORP.,

    Plaintiffs,

v.

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT, and WARNER
MUSIC GROUP CORP.,

    Defendants.
_____/

**UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' DISCOVERY RESPONSES TO BE FILED IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

    Defendant, UMG RECORDINGS, INC., by and through undersigned counsel, and pursuant to Local Rule 1.09, file this Unopposed Motion to Seal Portions of Plaintiffs' Discovery Responses To Be Filed In Support Of Defendant's Motion To Compel, and state:

    1.    Contemporaneously herewith, Defendant UMG has filed its Motion to Compel Plaintiffs Alticor Inc. and Amway Corp. to Produce Documents and to Answer Interrogatories ("Motion to Compel").

    2.    Among the necessary attachments to the Motion to Compel are Plaintiffs' responses to Defendants' Interrogatories, including the following portions which, as detailed below, Plaintiffs deem to contain confidential information: Schedule Nos. 1-3, Response to Interrogatory No. 4, Response to Interrogatory No. 7; Response to Interrogatory No. 9. It is necessary for these items to be filed in order for the Court to be able to evaluate the issues raised by the Motion to Compel.

3. Undersigned counsel has conferred with counsel for Plaintiffs, and Plaintiffs maintain the position that these portions of their discovery responses contain confidential information which must be filed under seal, and specifically stated the following:

> With respect to Plaintiffs' responses to UMG's interrogatories, plaintiffs maintain the following portions of their amended and supplemental responses should be treated as "Confidential":
>
> 1. **Schedule Nos. 1-3**: Schedules 1 and 2 contain lists of audiovisual works submitted to Plaintiffs for review that include information regarding the identity of Plaintiffs' employees who reviewed the audiovisual works as well as the result of the review. Schedule 3 provides a list of employees, IBOs, BSM Companies, and APs that have been sanctioned, disciplined, or subject to other action for the use of one of the Accused Videos or use of a sound recording in the United States. This information is confidential competitive business information of Plaintiffs, Amway IBOs, BSM Companies and Approved Providers. This information is not shared outside of Plaintiffs or between competing IBOs, BSM Companies and Approved Providers.
>
> 2. **Response to Interrogatory No. 4**: Beginning with the heading "Section 2. QUALITY ASSURANCE", through "11. Self-Certification status will be reviewed through the random BSM review process" on page 18. This portion of the response quotes language from the Uniform Accreditation Plus Approved Provider Agreement, that is entered into between Amway Corp. and individual Approved Providers and reflects the internal business operations of Amway. This information is not widely distributed beyond the Approved Providers that have executed the Agreement, and could provide competitors with sensitive business information not generally available through other sources.
>
> 3. **Response to Interrogatory No. 7:** The names reflected in this response reflect confidential information about the individuals who participated in Plaintiffs' confidential investigation of the Record Companies' claims and those individuals with whom Plaintiffs communicated as part of the investigation. These details about Plaintiffs' confidential investigation are not publicly known and should not be disclosed in a public filing.
>
> 4. **Response to Interrogatory No. 9:** Each entry in the provided table under the heading "Person, Entity, or Organization". The names of the persons, entities, or organizations involved with the six videos identified in this response are not publicly known and reveal information about Plaintiffs' vendors that should not be publicly disclosed.

4.     Means other than sealing are unavailable or unsatisfactory as there is no way for the issues raised by the Motion to Compel to be presented to and addressed by the Court without filing the substance of the discovery responses which Plaintiffs deem confidential.

5.     It is proposed that the materials remain under seal for the duration of this action, or as long as necessary for the Court to consider and rule on the subject motion.

6.     The filing of materials under seal is authorized under Local Rule 1.09. It is well-settled that a court may permit the filing of materials under seal to protect valid interests of confidentiality. *See, e.g.*, *Arthrex, Inc. v. Parcus Medical, LLC*, 2:11–cv–694–FtM–29CM, 2014 WL 1569149 (M.D. Fla. April 17, 2014) ("the Court finds that allowing public access to the information the parties seek to file under seal could harm their legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information"); *Breedlove v. Hartford Life and Acc. Ins. Co.,* No. 6:11–cv–991–Orl–28TBS, 2013 WL 1935251 (M.D. Fla. May 9, 2013) (permitting filing under seal to protect privacy interests); *Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10–cv–978–J–37JBT , 2011 WL 5357843 (M.D. Fla. 2011) (same).

WHEREFORE, based on the foregoing, request the Court to enter an Order permitting the filing under seal of the items specified herein, Schedule Nos. 1-3, Response to Interrogatory No. 4, Response to Interrogatory No. 7; Response to Interrogatory No. 9.

Respectfully submitted,

MITCHELL SILBERBERG &
KNUPP LLP
*Attorneys for Defendants*
Russell J. Frackman, Esq.
(*pro hac vice*)
Robert H. Rotstein, Esq.

CASE NO. 6:14-cv-00542 ORL RDB-DAB

(*pro hac vice*)
11377 W. Olympic Boulevard
Los Angeles, CA 90064
310.312.2000 (phone)
310.312.3100 (fax)

and

MITCHELL SILBERBERG &
KNUPP LLP
*Attorneys for Defendants*
J. Matthew Williams, Esq.
*(pro hac vice)*
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7904 (phone)
(202) 355-7894 (fax)

and

STEVEN J. D'ONOFRIO, ESQ.
*Attorney for Defendants*
*(pro hac vice)*
5335 Wisconsin Avenue, N.W. Suite 440
Washington, DC  20015
Phone:  202-686-2872
Fax:  (240) 241-5521

and

GRAY ROBINSON, P.A.
*Attorneys for Defendants*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: (305) 416-6880
Fax: (305) 416-6887

By:  /s/ Karen Stetson
Karen Stetson
Florida Bar No: 742937
Jonathan L. Gaines
Florida Bar. No. 330361

CASE NO. 6:14-cv-00542 ORL RDB-DAB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties in the attached Service List on this 6th day of March, 2015.

By:   /s/Karen L. Stetson

## SERVICE LIST

**Jacob Bachman**
Brinks, Gilson & Lione, PC
Suite 3600
455 N Cityfront Plaza Dr
Chicago, IL 60611-5599
312/321-4200
Fax: 312/321-4299
Email: jbachman@brinksgilson.com


**James R. Sobieraj**
Brinks, Gilson & Lione, PC
Suite 3600
455 N Cityfront Plaza Dr
Chicago, IL 60611-5599
312/321-4226
Fax: 312/321-4299
Email: jsobieraj@brinksgilson.com


**James Steven Toscano**
Lowndes, Drosdick, Doster, Kantor & Reed, PA
215 N Eola Dr
PO Box 2809
Orlando, FL 32802-2809
407/843-4600
Fax: 407/843-4444
Email: jim.toscano@lowndes-law.com
hpa@earthlink.net